No. 26268

## The People of the State of Colorado v. David W. Sarvas
(524 P.2d 304)

Decided July 15, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, L. James Arthur, Assistant, for The People of the State of Colorado.

No appearance for attorney-respondent.

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is a proceeding in discipline against respondent David W. Sarvas. Upon hearing, at which respondent was present, our grievance committee found that David W. Sarvas was admitted to practice in March of 1934, was disbarred in July of 1959 and reinstated in December of 1962.

It was further found that Mr. and Mrs. Miller employed respondent to clear title to some land in Grand County, Colorado and to complete a sale which had been worked out

in a preliminary manner. In furtherance of this agreement, the respondent received $3,000 from the buyers at which time the buyers took possession and moved into the property. Thereafter, Mr. Miller, after several attempts to reach the respondent, received $1,500 of the $3,000 down payment. Some nine months later, the respondent sent Mr. Miller a check for $900, but the check was returned for insufficient funds. Mr. Miller attempted to contact the respondent many times after that by letter, telephone and telegraph, but was unable to reach him. Mrs. Miller made a special trip to Denver to meet the respondent and was advised by the respondent that he could not make the $900 check good, that he could not locate the papers clearing the title and that he would give all of his papers to Mrs. Miller so that she could obtain another attorney. He thereupon gave Mrs. Miller a promissory note in the amount of $1,500. Thereafter, Mrs. Miller obtained the services of another attorney who cleared the title for her. Respondent admitted that he could not pay the $1,500 note for the balance of the payment and made no promise when it could be paid.

 The committee found that the respondent was grossly derelict in his duty to his client; that he had commingled funds in direct violation of the code of professional responsibility and that he had used his clients' funds for his own personal purposes. The committee recommended disbarment and we agree.

It is the order of the court that respondent be disbarred and that costs in the amount of $140.91 be charged against him.